UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CONNECTICUT STUDENT LOAN FOUNDATION, | : : : | CASE NO.: |
| Plaintiff. | : : | |
| vs. | : : : | |
| ENTERPRISE RECOVERY SYSTEMS, INC. | : : | APRIL 19, 2004 |
| Defendant. | : | |

## COMPLAINT

COMES NOW, Plaintiff, Connecticut Student Loan Foundation ("CSLF"), by and through its attorneys and as its Complaint alleges as follows:

1. Plaintiff, CSLF, is a not for profit Connecticut Corporation seeking damages for breach of a certain contract by and between it and the Defendant, Enterprise Recovery Systems, Inc. ("ERS").

## JURISDICTION

2. The Plaintiff is a not for profit corporation created under the laws of the State of Connecticut having its principal place of business in the State of Connecticut.

3. Defendant, ERS is a corporation incorporated under the laws of the State of Illinois having its principal place of business in Westchester, Illinois.

4. The amount in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332.

## PARTIES

5. The Plaintiff, Connecticut Student Loan Foundation ("CSLF"), is a not for profit corporation created pursuant to Chapter 187a of the Connecticut General Statutes. CSLF participates as a lender, guarantor, servicer and secondary market in the Federal Family Education Loan Program ("FFELP"), as applicable. The FFELP is governed by the Higher Education Act of 1965, as amended, the relevant terms of which are set forth at 20 U.S.C. § 1071, et seq, and regulations promulgated thereunder at 34 C.F.R.600, 668 and 682 (collectively the "Act"). CSLF operates as a loan servicer through its division Connecticut Assistance for Loan Servicing ("CALS" or "CSLF/CALS").

6. Defendant, ERS is a corporation incorporated under the laws of the State of Illinois which is in the business of, inter alia, collecting student loans.

## STATEMENT OF FACTS

7. In its capacity as a guarantor, CSLF insures private lenders that make student loans to eligible borrowers against loss and is, in turn, reimbursed by the United States Secretary of Education (the "Secretary") pursuant to reinsurance agreements between it and the Secretary.

8. In order to receive reimbursement from a guarantor, lenders are required, pursuant to the Act, to perform certain collection and default aversion and activities including, but not limited to, the activities described in 34 C.F.R. § 682.411. Many lenders retain Loan Servicers ("Servicers") such as CSLF/CALS to perform these activities on their behalf.

9. Loan servicers (including CSLF/CALS) perform the collection and default aversion activities as dictated by HEA, on behalf of their private lender clients.

10. In its capacity as a Loan servicer, CSLF/CALS is authorized by the terms of the Act to retain third parties (such as the Defendant ERS) to perform some or all of the collection and default aversion activities required of loan servicers.

11. On or about November 14, 1999 CSLF and ERS entered into an agreement pursuant to which ERS agreed to undertake the performance of collection and default aversion activities on behalf of CSLF/CALS ("The Agreement").

12. Pursuant to the terms of the Agreement, ERS was to perform the activities set forth in 34 C.F.R. § 682.411, the terms of which were incorporated by reference into the Agreement.

13. Pursuant to the terms of the Agreement, ERS was also to perform the collection and default aversion activities set forth in the Appendix A ("Appendix A") which was attached to the Agreement.

## CAUSE OF ACTION
### COUNT 1 – BREACH OF CONTRACT

14. Despite its agreement to do so, ERS failed in to perform its work required under its contract which included the duties described in 34 C.F.R. § 682.411 and Appendix A of the Agreement.

15. As a result of ERS' failure to perform its contractual obligations, accounts assigned to ERS were rendered ineligible for claim payment by the relevant guarantor(s).

16. As a result of the defendant's failure to perform its contractual obligations, the Plaintiff has been obligated, and will continue in the future to be obligated, to reimburse lenders for whom it serviced loans for loans and/or portions thereof which were ineligible for claim payment by the guarantor(s).

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff seeks the following damages:

A. For loans which have had the guarantee reinstated pursuant to 34 C.F.R. **§** 682 Appendix D, interest which cannot be paid as part of any default claim by the guaranty agency for the period the loan was "out of guarantee".

B. For loans permanently ineligible for claim payment by a guarantor, principal and interest.

C. For loans which CSLF/CALS contracted to have others perform the work of the Defendant.

D. Reasonable attorneys fees and costs of bringing this action.

E. Such other and further relief as the Court deems appropriate and just.

THE PLAINTIFF,
CONNECTICUT STUDENT LOAN FOUNDATION


By:_____
George M. Purtill
Federal Bar Number: ct05407
Purtill, Purtill, Pfeffer & Jacoby, P.C.
19 Water Street, P.O. Box 50
So. Glastonbury, CT 06073
Telephone (860) 659-0569
Fax (860) 659-8930